UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CASE NO. 23-CR-80215-DMM

UNITED STATES OF AMERICA,                    West Palm Beach, Florida

              Plaintiff,                     March 1, 2024

vs.

JAVIER ANDERSON,

              Defendant.                     Pages 1 to 35
_____

CHANGE OF PLEA HEARING
BEFORE THE HONORABLE RYON M. MCCABE
UNITED STATES MAGISTRATE JUDGE
(TRANSCRIPT OF DIGITAL AUDIO RECORDING)

APPEARANCES:

FOR THE GOVERNMENT:        JOHN MCMILLAN, ESQ.
                           ASSISTANT UNITED STATES ATTORNEY
                           UNITED STATES ATTORNEY'S OFFICE
                           500 South Australian Avenue
                           Suite 400
                           West Palm Beach, Florida 33401

FOR THE DEFENDANT:         RODNEY W. BRYSON, II, ESQ.
                           200 Butler Street
                           Suite 201
                           West Palm Beach, Florida 33401

TRANSCRIBED BY:

                           PATRICIA DIAZ, FCRR, RPR, FPR
                           Official Court Reporter
                           United States District Court
                           400 North Miami Avenue
                           11th Floor
                           Miami, Florida 33128
                           (305) 523-5178

(PROCEEDINGS TRANSCRIBED FROM DIGITAL AUDIO RECORDING.)

THE COURT:  Good afternoon.

All right.  I am calling case of United States of America versus Anderson, this is 237-CR-80215.

Appearances, please.

MR. MCMILLAN:  Good afternoon, John McMillan on behalf of the United States.

THE COURT:  Good afternoon.

MR. BRYSON:  Good afternoon, Your Honor.  Rodney Bryson on behalf of the defendant, Javier Anderson.

THE COURT:  All right.  Good afternoon to both of you.

We are here for a change of plea.

Let's go ahead and swear in Mr. Anderson.

COURTROOM DEPUTY:  Yes, Judge.

Sir, please raise your right hand.

(The defendant, Javier Anderson, was duly sworn.)

COURTROOM DEPUTY:  Please state your full name for the record.

THE DEFENDANT:  Javier Anderson.

THE COURT:  All right.  Mr. Anderson, we are here today for a change of plea, so let me explain what we are going to do.

You have just taken an oath to tell the truth.  That means, of course, you can't intentionally make any false statements to me.  That could potentially be a crime called

perjury punishable by up to five years imprisonment.

Do you understand that?

THE DEFENDANT:  Yes, sir.

THE COURT:  All right.  So, you are here because you want to change your plea from not guilty to a plea of guilty. Under the law, you cannot change your plea without first getting permission from the Court.  So, what I want to do today is ask you some questions just to make sure that you know what's going on here today, that you know what all of your options are, you know what rights you have and you know what rights you give up when you plead guilty, and you know what the possible penalties will be.

Also, in federal court you can't plead guilty to something you didn't do, so I need to make sure that there are sufficient facts to support this guilty plea.

If at any time you don't understand any of my questions, just let me know and I will do my best to rephrase, and if you want to talk to your lawyer at any time, just let me know.

Okay?

THE DEFENDANT:  Yes.

THE COURT:  All right.  You've already told us your name.

How old are you, sir?

THE DEFENDANT:  Twenty-nine.

THE COURT:  And how far did you go in school?

THE DEFENDANT:  A high school diploma.

THE COURT:  I take it you can read, write, and understand the English language?

THE DEFENDANT:  Yes.

THE COURT:  Have you ever been diagnosed or treated for any mental illnesses?

THE DEFENDANT:  Yes.

THE COURT:  How long ago and what were they?

THE DEFENDANT:  Most recently about a couple of months, you know.

THE COURT:  A couple of months ago you were diagnosed with something?

THE DEFENDANT:  Treated.

THE COURT:  Okay.  Oh, treated.  What was the nature of the illness?

THE DEFENDANT:  Depression.

THE COURT:  Depression.  Okay.

Do you think that depression affects your ability to understand what's going on here today?

THE DEFENDANT:  No, sir.

THE COURT:  Does it affect your ability to make this decision to change your plea?

THE DEFENDANT:  No.

THE COURT:  All right.  Have you ever been diagnosed or

treated for any addictions to narcotics of any kind?

THE DEFENDANT:  No.

THE COURT:  Within the past 24 hours have you consumed any drugs, alcohol, medications, whether legal or illegal?

THE DEFENDANT:  No, sir.

THE COURT:  All right.  So, as you sit here today, are you feeling clearheaded?

THE DEFENDANT:  Yes.

THE COURT:  And you feel like you understand everything that's going on around you in the courtroom?

THE DEFENDANT:  Yes.

THE COURT:  All right.  Based upon Mr. Anderson's responses to my questions and my observations of him, I find that he is alert, competent, and ready to proceed for purposes of this hearing here today.

Mr. Anderson, I'm not the judge who is assigned to your overall case.  That's Judge Middlebrooks.  Under the law you've been charged with a felony, which means you have the right to have Judge Middlebrooks conduct this change of plea hearing today.

He is a district court judge, whereas I'm a magistrate judge.  He was not available so he asked me to cover this.  You can consent to have me do the hearing, and if I conduct this hearing, it will proceed pretty much the same with Judge Middlebrooks imposing the sentence, not me.

Now, have you had a chance to talk to your lawyer about the topic of having me do this hearing today instead of Judge Middlebrooks?

THE DEFENDANT:  Yes.

THE COURT:  In recognizing that you have the right to have Judge Middlebrooks conduct this hearing, do you consent to having me instead?

THE DEFENDANT:  Yes.

THE COURT:  All right.  Any objection from the government?

MR. MCMILLAN:  No, Your Honor.

THE COURT:  All right.  I find that Mr. Anderson's decision to consent to the magistrate judge doing this plea hearing today is a knowing, voluntary and fully-informed decision.

Mr. Anderson, every case begins with a written document called an indictment.  Have you had a chance to review the indictment or the charges against you with your lawyer?

THE DEFENDANT:  Yes.

THE COURT:  Did you have a chance to look at the discovery, that is, the evidence that the government says it would have used to prove its case at trial?

THE DEFENDANT:  Yes.

THE COURT:  Did you have a chance to talk to your lawyer about the charges and the evidence?

THE DEFENDANT:  Yes.

THE COURT:  Did you and your lawyer discuss the possibility that the government may have obtained its evidence illegally so that you can file a motion to suppress?

THE DEFENDANT:  Yes.

THE COURT:  Did you and your lawyer discuss defenses you might have to these charges, including witnesses you might be able to call on your behalf?

THE DEFENDANT:  Yes.

THE COURT:  Is there any additional investigation or work that you'd like your lawyer to do on this case that he hasn't done?

THE DEFENDANT:  No.

THE COURT:  Are you satisfied with the advice, representation, and counsel that he has given you in this case?

THE DEFENDANT:  Yes.

THE COURT:  All right.  So, I'm holding in my hand an eight-page document, and it's titled plea agreement.  It has your name at the front of it, and on the last page, page eight, there are numerous signatures, one of which appears to be your signature.  I'm going to hold it up for you.

I think you have a copy of it there.

Can you please confirm that this is indeed your signature?

THE DEFENDANT:  Yes, sir.

THE COURT:  And when you signed it, was your lawyer with you?

THE DEFENDANT:  Yes.

THE COURT:  And before you signed it, did you read it?

THE DEFENDANT:  Yes.

THE COURT:  Did you have a chance to ask your lawyer any and all questions you wanted to ask him about this plea agreement?

THE DEFENDANT:  Yes.

THE COURT:  And do you feel you understand everything that's on the plea agreement?

THE DEFENDANT:  Yes.

THE COURT:  All right.  I am going to draw your attention to just a few items just to go over them.

First, the first paragraph of the plea agreement says that you are agreeing to plead guilty to Count 3 of the indictment, which charges you with possession of a firearm and ammunition by a convicted felon, armed career criminal, in violation of Title 18, U.S. Code Section, 922(g)(1) and 924(e).

Do you understand that's what you are agreeing to plead guilty to today?

THE DEFENDANT:  Yes, sir.

THE COURT:  It also says you are agreeing to forfeit certain items or property to the United States, specifically some firearms and some ammunition.  You understand that you are

agreeing to forfeit those items?

THE DEFENDANT:  Yes, sir.

THE COURT:  It also says that in return for your agreement to plead guilty, the government is going to move to dismiss Counts 1 and 2 of the indictment.

Do you understand that's part of the agreement you have reached with them?

THE DEFENDANT:  Yes, sir.

THE COURT:  All right.  In terms of penalties, take a look at page four, which describes the maximum penalties.  It says that as to Count 3, the count that you're agreeing to plead guilty to, you face a mandatory minimum term of imprisonment of 15 years up to a maximum possible of life.

Do you understand that that's -- those are the penalties that these charges carry?

THE DEFENDANT:  Yes, sir.

THE COURT:  It also says that you face a fine of up to $250,000, as well as a $100 special assessment?

Do you understand that?

THE DEFENDANT:  Yes, sir.

THE COURT:  It also says that you face a term of supervised release of up to five years.

Do you understand that that's another penalty you face as a result of the decision to change your plea to guilty?

THE DEFENDANT:  Yes, sir.

THE COURT:  In addition, if you are not a U.S. Citizen, a conviction in this case could affect your ability to remain in the United States.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  I've mentioned the term supervised release. That's a period of time after incarceration when you'd have to comply with conditions set by the Court.  During that time you'd have to report to a probation officer.

Do you understand that if one day you are placed on supervised release and you violate the terms of supervised release, that could result in additional time in prison?

THE DEFENDANT:  Yes, sir.

THE COURT:  Probation is similar to supervised release, only there is no period of incarceration first.

Do you understand if you were placed on probation and you violated the terms of probation that that could result in imprisonment?

THE DEFENDANT:  Yes, sir.

THE COURT:  All right.  So, let me emphasize two things about these penalties.

First, because the sentence, the possible sentence is more than a year, you'd be -- we call that pleading guilty to a felony.

Do you understand if your plea is accepted, you will be

adjudged guilty of a felony and that adjudication may deprive you of valuable civil rights, including the right to vote, the right to hold public office, to serve on a jury, and to possess any kind of firearm?

THE DEFENDANT:  Yes, sir.

THE COURT:  Second, by pleading guilty, you're taking the risk that the judge, Judge Middlebrooks, will sentence you to the maximum possible penalties.

As we sit here today, no one knows what your sentence will be, but do you understand that as long as your sentence doesn't exceed the maximums, you will not be able to take back this plea simply because you are unhappy with the sentence you receive?

THE DEFENDANT:  Yes, sir.

THE COURT:  All right.  The plea agreement talks about something called the Sentencing Guidelines.  Did you and your lawyer have a chance to talk about the guidelines and how they might apply to your case?

THE DEFENDANT:  Yes, sir.

THE COURT:  Generally, the way they work is that they give a certain number of points based upon the crime that was committed and a certain number of points based upon a number of criminal history and they calculate those points into a proposed guideline range for the district judge to consider on a grid.

Do you have a general understanding that's how the guidelines work?

THE DEFENDANT:  Yes, sir.

THE COURT:  So, if the plea is accepted, the probation office will prepare a report for Judge Middlebrooks and one part of that report will be the probation office calculation of how the guidelines will work.

You understand that if your lawyer disagrees with how the probation office calculates the guidelines, he will have a chance to object to Judge Middlebrooks and Judge Middlebrooks will decide.

Do you understand how that works?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you understand that even if Judge Middlebrooks disagrees with your lawyer about how the calculations -- about how the guidelines should be calculated, that won't be a basis to withdraw your plea?

THE DEFENDANT:  Yes.

THE COURT:  All right.  Paragraph four talks about something called acceptance of responsibility.  Basically, when you agree to plead guilty and accept responsibility, you get a certain number of points off in this guideline calculation so it works for your benefit.  And in this agreement the government is agreeing to recommend that you get points off for accepting responsibility, but they don't have to follow through

on that promise unless you first follow through on your promises to them, which are listed here, including making any full and truthful disclosure to the probation office, for instance.

Do you understand that the government doesn't have to follow through on its promises to you unless you first follow through on your promises to them?

THE DEFENDANT:  Yes, sir.

THE COURT:  All right.  Government, are there any joint recommendations with this plea agreement, joint recommendations for guideline calculations I mean?

THE DEFENDANT:  No, Your Honor.

THE COURT:  There is a forfeiture provision.  Correct?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  All right.  Paragraph nine talks about asset forfeiture, and as I mentioned you are agreeing to forfeit for the United States firearms and ammunition.

You should know that under the Eighth Amendment, the Eighth Amendment contains a protection against excessive and improper forfeitures.  As part of this agreement, you are agreeing to waive any rights to bring an objection to the government's forfeiture here on Eighth Amendment grounds.

Did you have a chance to talk to your lawyer about that topic of waiving your Eighth Amendment rights?

THE DEFENDANT:  I don't understand what you said.

THE COURT:  Sure.  Part of the plea agreement, and I think you told us that you read it, so I'm sure that you and your lawyer probably talked about it, but when the government seeks to forfeit your assets, the Eighth Amendment provides a protection that the forfeiture cannot be excessive.  So, for instance, if all you did was jaywalk, and the government tried to forfeit all the money you ever had in your life, you might have an Eighth Amendment argument that they are pursuing an excessive forfeiture.

In this case, it's a firearm offense and the government is pursuing forfeiture of the firearms.  You agree as part of this agreement to waive any Eighth Amendment claims that you might have.

So, did you and your lawyer talk specifically about waiving your Eighth Amendment rights?

THE DEFENDANT:  Yes, sir.

THE COURT:  All right.  And recognizing you have those Eighth Amendment rights, are you agreeing to waive them?

THE DEFENDANT:  Yes, sir.

THE COURT:  All right.  I find that the defendant has made a knowing, voluntary, and fully informed decision to waive his Eighth Amendment rights as part of his plea agreement.

This plea agreement also has something called an appeal waiver or at least a sentencing appeal waiver at paragraph ten. Did you and your lawyer talk about paragraph ten, the

sentencing appeal waiver?

THE DEFENDANT:  Yes, sir.

THE COURT:  All right.  Let me just read it real quick.

"The defendant is aware that Title 18, United States Code, Section 3742, affords the defendant the right to appeal the sentence imposed.  Acknowledging this in exchange for the undertakings made by the United States in this plea agreement, the defendant, that's you, hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted to statute, or is the result of an upward departure or variance from the guideline range that the Court establishes at sentencing.

The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal, as set forth in 18 U.S.C. 3742(b).  However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant, that's you, will be released from the above waiver of appellate rights.

Do you understand that's how -- that's the promise that you and the government have made to each other?

THE DEFENDANT:  Yes, sir.

THE COURT:  Government, anything else on the appellate waiver?

MR. MCMILLAN:  No, Your Honor.

THE COURT:  Mr. Anderson, the final paragraph of this plea agreement says there are no other promises or agreements other than what's contained on this document.

Let me ask you now, does this plea agreement represent, in its entirety, every understanding that you have with the government?

THE DEFENDANT:  Yes, sir.

THE COURT:  Government, are you aware of any other promises or assurances that have been made to Mr. Anderson other than what's in this agreement?

MR. MCMILLAN:  There are none, Your Honor.

THE COURT:  Defense counsel, same question?

MR. BRYSON:  No, Your Honor.

THE COURT:  Mr. Anderson, has anyone threatened you in order to force you to enter into this plea agreement?

THE DEFENDANT:  No, sir.

THE COURT:  Are you choosing to plead guilty to Count 3 because you are, in fact, guilty of Count 3?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you understand that parole has been abolished so if you are sentenced to prison there will be no possibility of being released on parole?

THE DEFENDANT:  Yes, sir.

THE COURT:  Also, you may have heard of something

called good time or early release provisions within the Federal Bureau of Prisons. There are no promises being made in this plea agreement about how the Bureau of Prisons will calculate good time or early release.

So, do you understand that no representations are being made to you about how those provisions will be calculated?

THE DEFENDANT: Yes, sir.

THE COURT: All right. Let me go over some important rights that you have. I just want to make sure you understand you have these rights and that by pleading guilty you're waiving them.

You understand you have the right to plead not guilty to this offense and persist in that plea?

THE DEFENDANT: Yes.

THE COURT: Do you understand that you have the right to a trial by jury and at that trial you would be presumed innocent and the government would have to prove your guilt beyond a reasonable doubt?

THE DEFENDANT: Yes.

THE COURT: Do you understand you have the right to assistance of counsel for your defense, appointed, if necessary, and that you have the right to confront witnesses to see and hear them cross-examined in your defense?

THE DEFENDANT: Yes.

THE COURT: You understand you have the right to remain

silent and decide not to testify and that if you did so your silence could not be used against you at that trial?

THE DEFENDANT:  Yes.

THE COURT:  But by pleading guilty, if your plea is accepted, there will be no trial and you will have given up all the rights that we just discussed.

Do you understand that?

THE DEFENDANT:  Yes, sir.

THE COURT:  All right.  You are proposing to plead guilty to possession of a firearm and ammunition by a convicted felon.  Every offense is made up of elements or parts.  I am holding in my hand another document called stipulated statement of facts.  It's seven pages long, and it also has some signatures at the back on page seven, one of which appears to be your signature.  I am going to hold it up.  You just confirm for me that that is, indeed, your signature on page seven.

THE DEFENDANT:  Yes, sir.

THE COURT:  All right.  The same questions as to this document.

Did you read it in its entirety before you signed it?

THE DEFENDANT:  Yes, sir.

THE COURT:  Did you have a chance to ask your lawyer any and all questions you had about this document?

THE DEFENDANT:  Yes, sir.

THE COURT:  Now, did you sign it with your lawyer

present?

THE DEFENDANT:  Yes.

THE COURT:  All right.  The first page of that document sets forth the elements of the offense.  It indicates that in order to prove this offense the government would have to show first that the defendant knowingly possessed a firearm, the firearm and ammunition referenced in the indictment, in or affecting interstate or foreign commerce.

Second, that the defendant knew he had previously been convicted of an offense punishable by imprisonment for a term exceeding one year, that is, a felony.

Third, that the defendant possessed the firearm -- third, that before the defendant possessed a firearm, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year, that is, a felony.

Fourth, as to a 924(e) conviction, under the Armed Career Criminal Act, that before his commission of the offense charged in this case, the defendant had three previous convictions by any court referred to in Section 922(g)(1) of this title, that is, any state or federal court in the United States, for a violent felony or a serious drug offense, or both, committed on occasions different from one another.

There is some legalese in there, but let me ask you, do you understand that the government, in order to convict you of

this offense, would have to prove these elements beyond a reasonable doubt?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand that by agreeing to plead guilty, you are giving up or waiving the government's obligation to prove all of these elements beyond a reasonable doubt?

THE DEFENDANT:  Yes, sir.

THE COURT:  Okay.  In addition, I have to make sure there are sufficient facts to support the government's case.  The government says it could prove all these elements beyond a reasonable doubt and would be able to introduce facts into evidence at a trial.

Government, I'm going to ask you to summarize the evidence you would prove if this case had gone to trial.

Mr. Anderson, I'm going to ask you to listen because at the end I am going to ask you if you agree those facts are a hundred percent correct.

Before I do that, Mr. Anderson, this document, this stipulated statement of facts, it contains six pages worth of facts.  I take it you read all of these facts before you signed this document.  Correct?

THE DEFENDANT:  Yes, sir.

THE COURT:  Did you sign this document because you believe all facts set forth on this document are 100 percent

correct?

THE DEFENDANT:  Yes.

THE COURT:  All right.

Okay.  Government, you can go ahead.

MR. MCMILLAN:  Thank you, Your Honor.

Had this matter proceeded to trial, the United States would have proven the following facts by beyond a reasonable doubt, through admissible testimony and evidence, that on September 17th, 2023, at approximately 3:52 a.m., Palm Beach County Sheriff's Office or PBSO Corporal Soler, S-O-L-E-R, responded to the 4500 Block of Elmhurst, E-L-M-H-U-R-S-T, within an unincorporated area of Palm Beach County, in the Southern District of Florida, as an additional backup unit for Deputy Sheriff Kenny -- that's K-E-N-N-Y -- as Deputy Sheriff Kenny conducted a traffic stop on a black in color bicycle operated and driven by the defendant, Javier Anderson, who was subsequently identified through Florida Department of Motor Vehicle records.

Both deputies were in full PBSO uniform, which included prominent patches displaying the word sheriff and the five-pointed star, and were wearing PBSO-issued body-worn cameras, which audio and video recorded the following events.

Deputy Sheriff Kenny initiated a traffic stop on the bicycle operated by Defendant Anderson as the bicycle did not possess a lamp and reflector in the rear exhibiting a red light

visible from a distance of 600 feet to the rear, in violation of Florida Statute 316.2065(7).

Deputy Sheriff Kenny initiated the traffic stop utilizing the red and blue emergency lights of his marked PBSO patrol vehicle.  Shortly after initiating his stop, Defendant Anderson attempted -- well, shortly after initiating stop of Defendant Anderson and attempting to obtain Defendant Anderson's information in connection with the observed violation, Defendant Anderson actually resisted, obstructed and opposed Deputy Sheriff Kenny in the lawful execution of his legal duty by fleeing on foot and attempting to mount his bicycle.

After unsuccessfully attempting to mount his bicycle and crashing to the ground, Defendant Anderson continued his flight on foot, running away from Deputy Sheriff Kenny, who repeatedly shouted for him to stop.

Eventually both deputies pursued the defendant and Corporal Soler was able to go and detain him finally in the vicinity of 4563 Myla Lane, M-Y-L-A, L-A-N-E, in West Palm Beach, Palm Beach County, in the Southern District of Florida, at which time the defendant was handcuffed and taken into custody.

After the scene was safe, a search incident to arrest for obstruction and resisting with violence was then conducted of the red and black colored Jordan brand -- that's J-O-R-D-A-N

-- drawstring bag, which Defendant Anderson had been observed by the deputies wearing on his back, and in his possession, during the defendant's flight from law enforcement, at which time was captured on the deputy's body-worn cameras, deputies recovered a Taurus -- that's T-A-U-R-U-S -- Model G2C, 9mm semi-automatic pistol, bearing serial number TLM85759, from within the bag.

The firearm was loaded with an extended magazine attached, and the magazine loaded in the firearm and had one round of mm ammunition attached in the magazine.  While the firearm -- oh, I'm sorry.  One 9mm round of ammunition loaded into the chamber of the firearm, and 17 additional 9mm rounds were recovered from within the extended magazine.

The firearm was run through NCIC and came back clear, not reported stolen.

An additional magazine for the pistol was also recovered from the backpack.  A total of twenty-two 9mm rounds were recovered from both magazines.

Certified Palm Beach County Circuit Court records will establish that at all times material hereto, that is, prior to September 17th of 2023, Defendant Anderson possessed at least the following felony convictions, each of which was punishable for a term of imprisonment exceeding one year under Florida law.

On or about December 9th, 2016, Defendant Anderson was

adjudicated guilty for carrying a concealed firearm, in Palm Beach County Circuit Court with an offense date of November 14th, 2015.

On or about December 9th, 2016, Defendant Anderson was adjudicated guilty for sale of heroin and sale of cocaine. Both offenses are second degree felonies under Florida law, with an offense date of December 8th, of 2015.

On or about December 9th -- and I should note that that second conviction was in Palm Beach County Circuit Court 2015CF012318AXXXMB.

The second conviction on December 9th of 2016, for Defendant Anderson, was also for sale of heroin and sale of cocaine, both offenses second degree felonies in violation of Florida Statute 893.13(1)(A)(1) in Palm Beach County Circuit Court, 2015CF01319AXXXMB, with an offense date of December 3rd of 2015.

Additionally, on or about August 26th of 2019, Defendant Anderson was adjudicated guilty for sale of ecstasy, a second degree felony, in violation of Florida Statute 893.13(1)(A)(1), in Palm Beach County Circuit Court, case number 2019CF002753AXXXMB, with an offense date of March 18th of 2019.

On or about August 26th, of 2019, Defendant Anderson was adjudicated guilty for felon in possession of a firearm, sale of marijuana, and unlawful use of a two-way communications

device.  Accordingly, he would have been aware of the fact that it was unlawful for him to go and possess a firearm and ammunition as a result of the felon in possession of a firearm conviction on that date.

Now, after Defendant Anderson was secured and in custody and as recorded by body-worn camera, Corporal Soler read and advised Defendant Anderson of his constitutional Miranda rights, using the PBSO-issued Miranda warnings card, which Defendant Anderson acknowledge as understanding.

Post-Miranda, Defendant Anderson admitted that he knew that the firearm was within the bookbag.

PBSO Detective Barborini would testify that, prior to his employment with PBSO, he served as the resident agent in charge of the West Palm Beach ATF Office, and has been admitted as a firearms expert and interstate commerce expert in the United States District Court for the Southern District of Florida on over 25 prior occasions.

Detectives Barborini would testify that he examined the Taurus G2C pistol in question and its accompanying 22 rounds of ammunition, bearing S&B, and that's Sellior & Bellot, S-E-L-L-I-O-R, and then the ampersand sign, B-E-L-L-O-T, and Winchester head stamps and that such items were manufactured in the country of Brazil, the Czech Republic and Illinois, respectively, and that by the aforementioned items subsequent recovery in the State of Florida, both the firearm and

ammunition of necessity traveled in and affected interstate commerce; and secondly, that the firearm and ammunition met the federal definitions of a firearm and ammunition under Title 18, United States Code, Sections 921(a)(3) and 921(a)(1)(A).

That would conclude the government's factual proffer, Your Honor.

THE COURT:  All right.  Mr. Anderson, were you able to hear that?

THE DEFENDANT:  Yes.

THE COURT:  All right.  Do you agree that the facts as just stated by the government are 100 percent true and correct?

THE DEFENDANT:  Yes.

THE COURT:  Mr. Bryson, do you take exception or objection to any of the facts?

MR. BRYSON:  No, Your Honor.

THE COURT:  Okay.  I find that the government has set forth a sufficient factual basis to support the Count 3 charged in the indictment.

All right.  Mr. Anderson, have you now had time to fully consider this important decision to change your plea in this case today?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  How do you now plead to Count 3 of the indictment, which charges you with possession of a firearm and ammunition by a convicted felon, armed career criminal, in

violation of Title 18, United States Code, Section 922(g)(1) and 924(e), do you plead guilty or not guilty?

THE DEFENDANT:  Guilty.

THE COURT:  All right.  I find that the defendant is alert and intelligent, that he is fully competent and capable of making an informed decision in this case, and that he is aware of the nature of the charges and the consequences of the plea.

I further find that this plea of guilty is knowing and voluntary, supported by an independent basis, in fact, containing each of the essential elements of the offense.

I also find that Mr. Anderson has freely, voluntarily, and intelligently entered this change of plea here today with no promises other than those set forth in the plea agreement, with no threats and without any mental impediment of any kind.

In addition, I find that he has had the advice and counsel of a competent lawyer with whom he is satisfied.

I, therefore, recommend that Judge Middlebrooks accept the plea and adjudicate him guilty of Count 3 charged in the indictment.

Mr. Anderson, a written presentence report will now be prepared.  You will be asked to give information to the probation office.  Your lawyer can be there with you, of course, when you do that.

You and your attorney will have an opportunity to

object to any report that the probation office prepares regarding sentencing.  You and your counsel will also have the opportunity to speak at the sentencing hearing.  You can also call other people to speak on your behalf.

If there are victims or witnesses to this offense, they, of course, will also have the chance to be heard at the sentencing hearing.

I now refer this matter to the probation office for the preparation of a presentence investigation report.

Has a sentencing date been set?

COURTROOM DEPUTY:  May 30th, at 11 o'clock.

THE COURT:  All right.  May 30th, at 11 o'clock, before Judge Middlebrooks.

All right.  Government, is there anything else?

MR. MCMILLAN:  No, Your Honor.

THE COURT:  All right.  Mr. Bryson, anything else?

MR. BRYSON:  No, Your Honor.

THE COURT:  All right.  Mr. Anderson, I wish you the best of luck with sentencing.

We will be in recess.

COURTROOM DEPUTY:  All rise.

(Proceedings were concluded.)

C E R T I F I C A T E

I, Patricia Diaz, Registered Professional Reporter, in and for the United States District Court for the Southern District of Florida, do hereby certify that I transcribed from digital audio recording the proceedings had the 1st day of March, 2024, in the above-mentioned court; and that the foregoing transcript is a correct and complete transcript of said digital audio recording.

June 19, 2025          /s/Patricia Diaz
DATE                   PATRICIA DIAZ, FCRR, RPR, FPR
                       Official Court Reporter
                       United States District Court
                       400 North Miami Avenue, 11th Floor
                       Miami, Florida 33128
                       (305) 523-5178

**$**

**$100** [1] - 9:18
**$250,000** [1] - 9:18

**/**

**/s/Patricia** [1] - 29:13

**1**

**1** [3] - 1:5, 1:7, 9:5
**100** [2] - 20:25, 26:11
**11** [2] - 28:11, 28:12
**11th** [2] - 1:24, 29:15
**14th** [1] - 24:3
**15** [1] - 9:13
**17** [1] - 23:12
**17th** [2] - 21:9, 23:21
**18** [5] - 8:19, 15:4, 15:17, 26:3, 27:1
**18th** [1] - 24:21
**19** [1] - 29:13
**1st** [1] - 29:7

**2**

**2** [1] - 9:5
**200** [1] - 1:18
**201** [1] - 1:19
**2015** [3] - 24:3, 24:7, 24:16
**2015CF012318 AXXXMB** [1] - 24:10
**2015CF01319 AXXXMB** [1] - 24:15
**2016** [3] - 23:25, 24:4, 24:11
**2019** [3] - 24:17, 24:22, 24:23
**2019CF002753 AXXXMB** [1] - 24:21
**2023** [2] - 21:9, 23:21
**2024** [2] - 1:5, 29:8
**2025** [1] - 29:13
**22** [1] - 25:19
**23-CR-80215-DMM** [1] - 1:2
**237-CR-80215** [1] - 2:4
**24** [1] - 5:3
**25** [1] - 25:17
**26th** [2] - 24:17, 24:23

**3**

**3** [7] - 8:16, 9:11, 16:18, 16:19, 26:17, 26:23, 27:19

**305** [2] - 1:25, 29:16
**30th** [2] - 28:11, 28:12
**316.2065(7)** [1] - 22:2
**33128** [2] - 1:24, 29:15
**33401** [2] - 1:16, 1:19
**3742** [2] - 15:5, 15:9
**3742(b** [1] - 15:19
**3742(b)** [1] - 15:17
**3:52** [1] - 21:9
**3rd** [1] - 24:15

**4**

**400** [3] - 1:16, 1:23, 29:15
**4500** [1] - 21:11
**4563** [1] - 22:19

**5**

**500** [1] - 1:15
**523-5178** [2] - 1:25, 29:16

**6**

**600** [1] - 22:1

**8**

**893.13(1)(A)(1** [2] - 24:14, 24:20
**8th** [1] - 24:7

**9**

**921(a)(1)(A)** [1] - 26:4
**921(a)(3** [1] - 26:4
**922(g)(1** [3] - 8:19, 19:20, 27:1
**924(e** [2] - 19:17, 27:2
**924(e)** [1] - 8:19
**9mm** [4] - 23:5, 23:11, 23:12, 23:17
**9th** [4] - 23:25, 24:4, 24:8, 24:11

**A**

**a.m** [1] - 21:9
**ability** [3] - 4:19, 4:22, 10:2
**able** [5] - 7:8, 11:11, 20:12, 22:18, 26:7
**abolished** [1] - 16:22

**above-mentioned** [1] - 29:8
**accept** [2] - 12:21, 27:18
**acceptance** [1] - 12:20
**accepted** [3] - 10:25, 12:4, 18:5
**accepting** [1] - 12:25
**accompanying** [1] - 25:19
**accordingly** [1] - 25:1
**acknowledge** [1] - 25:9
**acknowledging** [1] - 15:6
**Act** [1] - 19:18
**addictions** [1] - 5:1
**addition** [3] - 10:1, 20:9, 27:16
**additional** [5] - 7:10, 10:12, 21:13, 23:12, 23:16
**additionally** [1] - 24:17
**adjudged** [1] - 11:1
**adjudicate** [1] - 27:19
**adjudicated** [4] - 24:1, 24:5, 24:18, 24:24
**adjudication** [1] - 11:1
**admissible** [1] - 21:8
**admitted** [2] - 25:10, 25:14
**advice** [2] - 7:14, 27:16
**advised** [1] - 25:7
**affect** [3] - 4:22, 10:2, 15:16
**affected** [1] - 26:1
**affecting** [1] - 19:8
**affects** [1] - 4:19
**affords** [1] - 15:5
**aforementioned** [1] - 25:24
**afternoon** [5] - 2:2, 2:6, 2:8, 2:9, 2:11
**agent** [1] - 25:13
**ago** [2] - 4:9, 4:12
**agree** [4] - 12:21, 14:11, 20:17, 26:10
**agreeing** [10] - 8:16, 8:20, 8:23, 9:1, 9:11, 12:24, 13:16, 13:21, 14:18, 20:4
**agreement** [22] - 7:18, 8:8, 8:11, 8:15,

9:4, 9:6, 11:15, 12:23, 13:10, 13:20, 14:1, 14:12, 14:22, 14:23, 15:7, 15:16, 16:3, 16:5, 16:11, 16:16, 17:3, 27:14
**agreements** [1] - 16:3
**ahead** [2] - 2:13, 21:4
**alcohol** [1] - 5:4
**alert** [2] - 5:14, 27:5
**Amendment** [10] - 13:18, 13:19, 13:22, 13:24, 14:4, 14:8, 14:12, 14:15, 14:18, 14:22
**America** [1] - 2:4
**AMERICA** [1] - 1:4
**ammunition** [13] - 8:18, 8:25, 13:17, 18:10, 19:7, 23:10, 23:11, 25:3, 25:20, 26:1, 26:2, 26:3, 26:25
**ampersand** [1] - 25:21
**ANDERSON** [1] - 1:6
**Anderson** [35] - 2:4, 2:10, 2:13, 2:16, 2:19, 2:20, 5:16, 6:16, 16:2, 16:10, 16:15, 20:16, 20:19, 21:16, 21:24, 22:6, 22:7, 22:9, 22:14, 23:1, 23:21, 23:25, 24:4, 24:12, 24:18, 24:23, 25:5, 25:7, 25:9, 25:10, 26:7, 26:19, 27:12, 27:21, 28:18
**Anderson's** [3] - 5:12, 6:12, 22:8
**appeal** [7] - 14:23, 14:24, 15:1, 15:5, 15:9, 15:10, 15:17
**appeals** [1] - 15:18
**appearances** [1] - 2:5
**APPEARANCES** [1] - 1:12
**appellate** [2] - 15:20, 15:24
**apply** [1] - 11:18
**appointed** [1] - 17:21
**area** [1] - 21:12
**argument** [1] - 14:8
**armed** [2] - 8:18, 26:25
**Armed** [1] - 19:17
**arrest** [1] - 22:23

**assessment** [1] - 9:18
**asset** [1] - 13:16
**assets** [1] - 14:4
**assigned** [1] - 5:16
**assistance** [1] - 17:21
**ASSISTANT** [1] - 1:14
**assurances** [1] - 16:10
**ATF** [1] - 25:14
**attached** [2] - 23:9, 23:10
**attempted** [1] - 22:6
**attempting** [3] - 22:7, 22:11, 22:13
**attention** [1] - 8:14
**attorney** [1] - 27:25
**ATTORNEY** [1] - 1:14
**ATTORNEY'S** [1] - 1:15
**audio** [3] - 21:22, 29:7, 29:10
**AUDIO** [2] - 1:11, 2:1
**August** [2] - 24:17, 24:23
**Australian** [1] - 1:15
**automatic** [1] - 23:6
**available** [1] - 5:22
**Avenue** [3] - 1:15, 1:23, 29:15
**aware** [4] - 15:4, 16:9, 25:1, 27:7

**B**

**backpack** [1] - 23:17
**backup** [1] - 21:13
**bag** [2] - 23:1, 23:7
**Barborini** [2] - 25:12, 25:18
**based** [3] - 5:12, 11:21, 11:22
**basis** [3] - 12:17, 26:17, 27:10
**BEACH** [1] - 1:2
**Beach** [13] - 1:4, 1:16, 1:19, 21:9, 21:12, 22:20, 23:19, 24:2, 24:9, 24:14, 24:20, 25:14
**bearing** [2] - 23:6, 25:20
**BEFORE** [1] - 1:10
**begins** [1] - 6:16
**behalf** [4] - 2:6, 2:10, 7:8, 28:4
**Bellot** [1] - 25:20

**BELLOT** [1] - 25:21
**benefit** [1] - 12:23
**best** [2] - 3:17, 28:19
**beyond** [5] - 17:18, 20:1, 20:6, 20:11, 21:7
**bicycle** [5] - 21:15, 21:24, 22:12, 22:13
**black** [2] - 21:15, 22:25
**Block** [1] - 21:11
**blue** [1] - 22:4
**body** [3] - 21:21, 23:4, 25:6
**body-worn** [3] - 21:21, 23:4, 25:6
**bookbag** [1] - 25:11
**brand** [1] - 22:25
**Brazil** [1] - 25:23
**bring** [1] - 13:21
**Bryson** [3] - 2:9, 26:13, 28:16
**BRYSON** [5] - 1:18, 2:9, 16:14, 26:15, 28:17
**Bureau** [2] - 17:2, 17:3
**Butler** [1] - 1:18
**BY** [1] - 1:21

## C

**calculate** [2] - 11:23, 17:3
**calculated** [2] - 12:16, 17:6
**calculates** [1] - 12:9
**calculation** [2] - 12:6, 12:22
**calculations** [2] - 12:16, 13:11
**camera** [1] - 25:6
**cameras** [2] - 21:22, 23:4
**cannot** [2] - 3:6, 14:5
**capable** [1] - 27:5
**captured** [1] - 23:4
**card** [1] - 25:8
**career** [2] - 8:18, 26:25
**Career** [1] - 19:18
**carry** [1] - 9:15
**carrying** [1] - 24:1
**CASE** [1] - 1:2
**case** [15] - 2:3, 5:17, 6:16, 6:22, 7:11, 7:15, 10:2, 11:18, 14:10, 19:19, 20:10, 20:15, 24:20, 26:21, 27:6
**certain** [4] - 8:24,

11:21, 11:22, 12:22
**certified** [1] - 23:19
**certify** [1] - 29:6
**chamber** [1] - 23:12
**chance** [10] - 6:1, 6:17, 6:20, 6:24, 8:6, 11:17, 12:10, 13:23, 18:22, 28:6
**change** [9] - 2:12, 2:21, 3:5, 3:6, 4:23, 5:19, 9:24, 26:20, 27:13
**CHANGE** [1] - 1:9
**charge** [1] - 25:14
**charged** [4] - 5:18, 19:19, 26:17, 27:19
**charges** [7] - 6:18, 6:25, 7:7, 8:17, 9:15, 26:24, 27:7
**choosing** [1] - 16:18
**Circuit** [5] - 23:19, 24:2, 24:9, 24:14, 24:20
**Citizen** [1] - 10:1
**civil** [1] - 11:2
**claims** [1] - 14:12
**clear** [1] - 23:14
**clearheaded** [1] - 5:7
**cocaine** [2] - 24:5, 24:13
**Code** [4] - 8:19, 15:5, 26:4, 27:1
**color** [1] - 21:15
**colored** [1] - 22:25
**commerce** [3] - 19:8, 25:15, 26:2
**commission** [1] - 19:18
**committed** [2] - 11:22, 19:23
**communications** [1] - 24:25
**competent** [3] - 5:14, 27:5, 27:17
**complete** [1] - 29:9
**comply** [1] - 10:8
**concealed** [1] - 24:1
**conclude** [1] - 26:5
**concluded** [1] - 28:22
**conditions** [1] - 10:8
**conduct** [3] - 5:19, 5:23, 6:6
**conducted** [2] - 21:15, 22:24
**conferred** [1] - 15:8
**confirm** [2] - 7:23, 18:15
**confront** [1] - 17:22
**connection** [1] - 22:8

**consent** [3] - 5:23, 6:6, 6:13
**consequences** [1] - 27:7
**consider** [2] - 11:24, 26:20
**constitutional** [1] - 25:7
**consumed** [1] - 5:3
**contained** [1] - 16:4
**containing** [1] - 27:11
**contains** [2] - 13:19, 20:20
**continued** [1] - 22:14
**convict** [1] - 19:25
**convicted** [5] - 8:18, 18:10, 19:10, 19:14, 26:25
**conviction** [5] - 10:2, 19:17, 24:9, 24:11, 25:4
**convictions** [2] - 19:20, 23:22
**copy** [1] - 7:22
**Corporal** [3] - 21:10, 22:18, 25:6
**correct** [6] - 13:13, 20:18, 20:22, 21:1, 26:11, 29:9
**counsel** [5] - 7:15, 16:13, 17:21, 27:17, 28:2
**count** [1] - 9:11
**Count** [7] - 8:16, 9:11, 16:18, 16:19, 26:17, 26:23, 27:19
**country** [1] - 25:23
**Counts** [1] - 9:5
**County** [8] - 21:10, 21:12, 22:20, 23:19, 24:2, 24:9, 24:14, 24:20
**couple** [2] - 4:10, 4:12
**course** [3] - 2:24, 27:24, 28:6
**COURT** [88] - 1:1, 2:2, 2:8, 2:11, 2:20, 3:4, 3:22, 4:1, 4:3, 4:6, 4:9, 4:12, 4:15, 4:18, 4:22, 4:25, 5:3, 5:6, 5:9, 5:12, 6:5, 6:9, 6:12, 6:20, 6:24, 7:2, 7:6, 7:10, 7:14, 7:17, 8:1, 8:4, 8:6, 8:10, 8:13, 8:23, 9:3, 9:9, 9:17, 9:21, 10:1, 10:6, 10:14, 10:20, 11:6, 11:15, 11:20,

12:4, 12:14, 12:19, 13:9, 13:13, 13:15, 14:1, 14:17, 14:20, 15:3, 15:24, 16:2, 16:9, 16:13, 16:15, 16:18, 16:21, 16:25, 17:8, 17:15, 17:20, 17:25, 18:4, 18:9, 18:18, 18:22, 18:25, 19:3, 20:4, 20:9, 20:24, 21:3, 26:7, 26:10, 26:13, 26:16, 26:23, 27:4, 28:12, 28:16, 28:18
**court** [6] - 3:13, 5:21, 19:14, 19:20, 19:21, 29:8
**Court** [14] - 1:22, 1:23, 3:7, 10:8, 15:13, 23:19, 24:2, 24:9, 24:15, 24:20, 25:16, 29:5, 29:14, 29:14
**courtroom** [1] - 5:10
**COURTROOM** [4] - 2:14, 2:17, 28:11, 28:21
**cover** [1] - 5:22
**crashing** [1] - 22:14
**crime** [3] - 2:25, 11:21, 19:14
**Criminal** [1] - 19:18
**criminal** [3] - 8:18, 11:23, 26:25
**cross** [1] - 17:23
**cross-examined** [1] - 17:23
**custody** [2] - 22:22, 25:6
**Czech** [1] - 25:23

## D

**DATE** [1] - 29:13
**date** [6] - 24:2, 24:7, 24:15, 24:21, 25:4, 28:10
**December** [6] - 23:25, 24:4, 24:7, 24:8, 24:11, 24:15
**decide** [2] - 12:11, 18:1
**decision** [7] - 4:23, 6:13, 6:15, 9:24, 14:21, 26:20, 27:6
**Defendant** [17] - 21:24, 22:5, 22:7, 22:9, 22:14, 23:1, 23:21, 23:25, 24:4, 24:12, 24:18, 24:23, 25:5, 25:7, 25:9,

25:10
**defendant** [19] - 1:7, 2:10, 2:16, 14:20, 15:4, 15:5, 15:8, 15:15, 15:19, 19:6, 19:9, 19:12, 19:13, 19:14, 19:19, 21:16, 22:17, 22:21, 27:4
**DEFENDANT** [76] - 1:18, 2:19, 3:3, 3:21, 3:25, 4:2, 4:5, 4:8, 4:10, 4:14, 4:17, 4:21, 4:24, 5:2, 5:5, 5:8, 5:11, 6:4, 6:8, 6:19, 6:23, 7:1, 7:5, 7:9, 7:13, 7:16, 7:25, 8:3, 8:5, 8:9, 8:12, 8:22, 9:2, 9:8, 9:16, 9:20, 9:25, 10:5, 10:13, 10:19, 11:5, 11:14, 11:19, 12:3, 12:13, 12:18, 13:8, 13:12, 13:14, 13:25, 14:16, 14:19, 15:2, 15:23, 16:8, 16:17, 16:20, 16:24, 17:7, 17:14, 17:19, 17:24, 18:3, 18:8, 18:17, 18:21, 18:24, 19:2, 20:3, 20:8, 20:23, 21:2, 26:9, 26:12, 26:22, 27:3
**defendant's** [2] - 15:18, 23:3
**defense** [3] - 16:13, 17:21, 17:23
**defenses** [1] - 7:6
**definitions** [1] - 26:3
**degree** [3] - 24:6, 24:13, 24:19
**Department** [1] - 21:17
**departure** [1] - 15:12
**depression** [3] - 4:17, 4:18, 4:19
**deprive** [1] - 11:1
**deputies** [4] - 21:19, 22:17, 23:2, 23:4
**deputy** [1] - 22:3
**DEPUTY** [4] - 2:14, 2:17, 28:11, 28:21
**Deputy** [5] - 21:14, 21:23, 22:10, 22:15
**deputy's** [1] - 23:4
**describes** [1] - 9:10
**detain** [1] - 22:18
**Detective** [1] - 25:12
**detectives** [1] - 25:18
**device** [1] - 25:1

**diagnosed** [3] - 4:6, 4:12, 4:25
**Diaz** [2] - 29:4, 29:13
**DIAZ** [2] - 1:22, 29:13
**different** [1] - 19:23
**DIGITAL** [2] - 1:11, 2:1
**digital** [2] - 29:7, 29:10
**diploma** [1] - 4:2
**disagrees** [2] - 12:8, 12:15
**disclosure** [1] - 13:3
**discovery** [1] - 6:21
**discuss** [2] - 7:2, 7:6
**discussed** [1] - 18:6
**dismiss** [1] - 9:5
**displaying** [1] - 21:20
**distance** [1] - 22:1
**District** [8] - 1:23, 21:13, 22:20, 25:16, 29:5, 29:6, 29:14
**DISTRICT** [2] - 1:1, 1:1
**district** [2] - 5:21, 11:24
**DIVISION** [1] - 1:2
**document** [11] - 6:16, 7:18, 16:4, 18:12, 18:19, 18:23, 19:3, 20:19, 20:22, 20:24, 20:25
**done** [1] - 7:12
**doubt** [5] - 17:18, 20:2, 20:7, 20:12, 21:8
**draw** [1] - 8:13
**drawstring** [1] - 23:1
**driven** [1] - 21:16
**drug** [1] - 19:22
**drugs** [1] - 5:4
**duly** [1] - 2:16
**during** [2] - 10:8, 23:3
**duty** [2] - 15:16, 22:11

**E**

**early** [2] - 17:1, 17:4
**ecstasy** [1] - 24:18
**eight** [2] - 7:18, 7:19
**eight-page** [1] - 7:18
**Eighth** [10] - 13:18, 13:19, 13:22, 13:24, 14:4, 14:8, 14:12, 14:15, 14:18, 14:22
**elements** [6] - 18:11,

19:4, 20:1, 20:6, 20:11, 27:11
**Elmhurst** [1] - 21:11
**ELMHURST** [1] - 21:11
**emergency** [1] - 22:4
**emphasize** [1] - 10:20
**employment** [1] - 25:13
**end** [1] - 20:17
**enforcement** [1] - 23:3
**English** [1] - 4:4
**enter** [1] - 16:16
**entered** [1] - 27:13
**entirety** [2] - 16:6, 18:20
**ESQ** [2] - 1:14, 1:18
**essential** [1] - 27:11
**establish** [1] - 23:20
**establishes** [1] - 15:13
**events** [1] - 21:22
**eventually** [1] - 22:17
**evidence** [6] - 6:21, 6:25, 7:3, 20:13, 20:15, 21:8
**examined** [2] - 17:23, 25:18
**exceed** [1] - 11:11
**exceeding** [2] - 19:11, 23:23
**exceeds** [1] - 15:11
**exception** [1] - 26:13
**excess** [1] - 19:15
**excessive** [3] - 13:19, 14:5, 14:9
**exchange** [1] - 15:6
**execution** [1] - 22:10
**exhibiting** [1] - 21:25
**expert** [2] - 25:15
**explain** [1] - 2:21
**extended** [2] - 23:8, 23:13

**F**

**face** [4] - 9:12, 9:17, 9:21, 9:23
**fact** [3] - 16:19, 25:1, 27:10
**facts** [12] - 3:15, 18:13, 20:10, 20:12, 20:17, 20:20, 20:21, 20:25, 21:7, 26:10, 26:14
**factual** [2] - 26:5, 26:17

**false** [1] - 2:24
**far** [1] - 4:1
**FCRR** [2] - 1:22, 29:13
**Federal** [1] - 17:1
**federal** [3] - 3:13, 19:21, 26:3
**feet** [1] - 22:1
**felon** [5] - 8:18, 18:11, 24:24, 25:3, 26:25
**felonies** [2] - 24:6, 24:13
**felony** [8] - 5:18, 10:24, 11:1, 19:11, 19:16, 19:22, 23:22, 24:19
**few** [1] - 8:14
**file** [1] - 7:4
**final** [1] - 16:2
**finally** [1] - 22:18
**fine** [1] - 9:17
**firearm** [22] - 8:17, 11:4, 14:10, 18:10, 19:6, 19:7, 19:12, 19:13, 23:8, 23:9, 23:11, 23:12, 23:14, 24:1, 24:24, 25:2, 25:3, 25:11, 25:25, 26:2, 26:3, 26:24
**firearms** [4] - 8:25, 13:17, 14:11, 25:15
**first** [9] - 3:6, 8:15, 10:15, 10:22, 13:1, 13:6, 19:3, 19:6
**five** [3] - 3:1, 9:22, 21:21
**five-pointed** [1] - 21:21
**fleeing** [1] - 22:11
**flight** [2] - 22:15, 23:3
**Floor** [2] - 1:24, 29:15
**FLORIDA** [1] - 1:1
**Florida** [16] - 1:4, 1:16, 1:19, 1:24, 21:13, 21:17, 22:2, 22:20, 23:23, 24:6, 24:14, 24:19, 25:17, 25:25, 29:6, 29:15
**follow** [4] - 12:25, 13:1, 13:6
**following** [3] - 21:7, 21:22, 23:22
**foot** [2] - 22:11, 22:15
**FOR** [2] - 1:14, 1:18
**force** [1] - 16:16
**foregoing** [1] - 29:9

**foreign** [1] - 19:8
**forfeit** [5] - 8:23, 9:1, 13:17, 14:4, 14:7
**forfeiture** [6] - 13:13, 13:16, 13:22, 14:5, 14:9, 14:11
**forfeitures** [1] - 13:20
**forth** [5] - 15:17, 19:4, 20:25, 26:17, 27:14
**four** [2] - 9:10, 12:19
**fourth** [1] - 19:17
**FPR** [2] - 1:22, 29:13
**freely** [1] - 27:12
**FROM** [1] - 2:1
**front** [1] - 7:19
**full** [3] - 2:17, 13:3, 21:19
**fully** [4] - 6:14, 14:21, 26:20, 27:5
**fully-informed** [1] - 6:14

**G**

**G2C** [2] - 23:5, 25:19
**general** [1] - 12:1
**generally** [1] - 11:20
**given** [2] - 7:15, 18:5
**government** [23] - 6:10, 6:21, 7:3, 9:4, 12:24, 13:5, 13:9, 14:3, 14:6, 14:10, 15:22, 15:24, 16:7, 16:9, 17:17, 19:5, 19:25, 20:11, 20:14, 21:4, 26:11, 26:16, 28:14
**GOVERNMENT** [1] - 1:14
**government's** [5] - 13:22, 15:16, 20:5, 20:10, 26:5
**grid** [1] - 11:25
**ground** [1] - 22:14
**grounds** [1] - 13:22
**guideline** [4] - 11:24, 12:22, 13:11, 15:13
**Guidelines** [1] - 11:16
**guidelines** [5] - 11:17, 12:2, 12:7, 12:9, 12:16
**guilt** [1] - 17:17
**guilty** [30] - 3:5, 3:11, 3:13, 3:15, 8:16, 8:21, 9:4, 9:12, 9:24, 10:23, 11:1, 11:6, 12:21, 16:18, 16:19, 17:10,

17:12, 18:4, 18:10, 20:5, 24:1, 24:5, 24:18, 24:24, 27:2, 27:3, 27:9, 27:19

**H**

**hand** [3] - 2:15, 7:17, 18:12
**handcuffed** [1] - 22:21
**head** [1] - 25:22
**hear** [2] - 17:23, 26:8
**heard** [2] - 16:25, 28:6
**HEARING** [1] - 1:9
**hearing** [9] - 5:15, 5:19, 5:23, 5:24, 6:2, 6:6, 6:14, 28:3, 28:7
**hereby** [2] - 15:8, 29:6
**hereto** [1] - 23:20
**heroin** [2] - 24:5, 24:12
**high** [1] - 4:2
**history** [1] - 11:23
**hold** [3] - 7:21, 11:3, 18:15
**holding** [2] - 7:17, 18:12
**Honor** [13] - 2:9, 6:11, 13:12, 13:14, 16:1, 16:12, 16:14, 21:5, 26:6, 26:15, 26:22, 28:15, 28:17
**HONORABLE** [1] - 1:10
**hours** [1] - 5:3
**hundred** [1] - 20:18

**I**

**identified** [1] - 21:17
**ll** [1] - 1:18
**illegal** [1] - 5:4
**illegally** [1] - 7:4
**Illinois** [1] - 25:23
**illness** [1] - 4:16
**illnesses** [1] - 4:7
**impediment** [1] - 27:15
**important** [2] - 17:8, 26:20
**imposed** [3] - 15:6, 15:9, 15:11
**imposing** [1] - 5:25
**imprisonment** [6] - 3:1, 9:13, 10:18, 19:10, 19:15, 23:23
**improper** [1] - 13:20

**incarceration** [2] - 10:7, 10:15
**incident** [1] - 22:23
**included** [1] - 21:19
**including** [4] - 7:7, 11:2, 13:2, 15:9
**indeed** [2] - 7:23, 18:16
**independent** [1] - 27:10
**indicates** [1] - 19:4
**indictment** [8] - 6:17, 6:18, 8:17, 9:5, 19:7, 26:18, 26:24, 27:20
**information** [2] - 22:8, 27:22
**informed** [3] - 6:14, 14:21, 27:6
**initiated** [2] - 21:23, 22:3
**initiating** [2] - 22:5, 22:6
**innocent** [1] - 17:17
**instance** [2] - 13:4, 14:6
**instead** [2] - 6:2, 6:7
**intelligent** [1] - 27:5
**intelligently** [1] - 27:13
**intentionally** [1] - 2:24
**interstate** [3] - 19:8, 25:15, 26:1
**introduce** [1] - 20:12
**investigation** [2] - 7:10, 28:9
**issued** [2] - 21:21, 25:8
**items** [5] - 8:14, 8:24, 9:1, 25:22, 25:24

**J**

**JAVIER** [1] - 1:6
**Javier** [4] - 2:10, 2:16, 2:19, 21:16
**jaywalk** [1] - 14:6
**JOHN** [1] - 1:14
**John** [1] - 2:6
**joint** [2] - 13:9, 13:10
**Jordan** [1] - 22:25
**JORDAN** [1] - 22:25
**JUDGE** [1] - 1:10
**Judge** [13] - 2:14, 5:17, 5:19, 5:24, 6:2, 6:6, 11:7, 12:5, 12:10, 12:14, 27:18, 28:13
**judge** [6] - 5:16, 5:21, 5:22, 6:13, 11:7,

11:24
**June** [1] - 29:13
**jury** [2] - 11:3, 17:16

**K**

**Kenny** [6] - 21:14, 21:15, 21:23, 22:3, 22:10, 22:15
**KENNY** [1] - 21:14
**kind** [3] - 5:1, 11:4, 27:15
**knowing** [3] - 6:14, 14:21, 27:9
**knowingly** [1] - 19:6
**knows** [1] - 11:9

**L**

**lamp** [1] - 21:25
**Lane** [1] - 22:19
**LANE** [1] - 22:19
**language** [1] - 4:4
**last** [1] - 7:19
**law** [5] - 3:6, 5:17, 23:3, 23:24, 24:6
**lawful** [1] - 22:10
**lawyer** [20] - 3:18, 6:1, 6:18, 6:25, 7:2, 7:6, 7:11, 8:1, 8:6, 11:17, 12:8, 12:15, 13:23, 14:3, 14:14, 14:25, 18:22, 18:25, 27:17, 27:23
**least** [2] - 14:24, 23:21
**legal** [2] - 5:4, 22:11
**legalese** [1] - 19:24
**life** [2] - 9:13, 14:7
**light** [1] - 21:25
**lights** [1] - 22:4
**listed** [1] - 13:2
**listen** [1] - 20:16
**loaded** [3] - 23:8, 23:9, 23:11
**look** [2] - 6:20, 9:10
**luck** [1] - 28:19

**M**

**magazine** [5] - 23:8, 23:9, 23:10, 23:13, 23:16
**magazines** [1] - 23:18
**MAGISTRATE** [1] - 1:10
**magistrate** [2] - 5:21, 6:13
**mandatory** [1] - 9:12

**manner** [1] - 15:10
**manufactured** [1] - 25:22
**March** [3] - 1:5, 24:21, 29:8
**marijuana** [1] - 24:25
**marked** [1] - 22:4
**material** [1] - 23:20
**matter** [2] - 21:6, 28:8
**maximum** [4] - 9:10, 9:13, 11:8, 15:11
**maximums** [1] - 11:11
**MCCABE** [1] - 1:10
**McMillan** [1] - 2:6
**MCMILLAN** [7] - 1:14, 2:6, 6:11, 16:1, 16:12, 21:5, 28:15
**mean** [1] - 13:11
**means** [2] - 2:24, 5:18
**medications** [1] - 5:4
**mental** [2] - 4:7, 27:15
**mentioned** [3] - 10:6, 13:16, 29:8
**met** [1] - 26:2
**Miami** [4] - 1:23, 1:24, 29:15, 29:15
**Middlebrooks** [12] - 5:17, 5:19, 5:25, 6:3, 6:6, 11:7, 12:5, 12:10, 12:15, 27:18, 28:13
**might** [5] - 7:7, 11:18, 14:7, 14:13
**minimum** [1] - 9:12
**Miranda** [3] - 25:8, 25:10
**Model** [1] - 23:5
**money** [1] - 14:7
**months** [2] - 4:10, 4:12
**most** [1] - 4:10
**motion** [1] - 7:4
**Motor** [1] - 21:17
**mount** [2] - 22:11, 22:13
**move** [1] - 9:4
**MR** [10] - 2:6, 2:9, 6:11, 16:1, 16:12, 16:14, 21:5, 26:15, 28:15, 28:17
**Myla** [1] - 22:19
**MYLA** [1] - 22:19

**N**

**name** [3] - 2:17, 3:23, 7:19

**narcotics** [1] - 5:1
**nature** [2] - 4:15, 27:7
**NCIC** [1] - 23:14
**necessary** [1] - 17:22
**necessity** [1] - 26:1
**need** [1] - 3:14
**nine** [2] - 3:25, 13:15
**NO** [1] - 1:2
**none** [1] - 16:12
**North** [2] - 1:23, 29:15
**note** [1] - 24:8
**nothing** [1] - 15:15
**November** [1] - 24:3
**number** [6] - 11:21, 11:22, 12:22, 23:6, 24:21
**numerous** [1] - 7:20

**O**

**o'clock** [2] - 28:11, 28:12
**oath** [1] - 2:23
**object** [2] - 12:10, 28:1
**objection** [3] - 6:9, 13:21, 26:14
**obligation** [1] - 20:6
**observations** [1] - 5:13
**observed** [2] - 22:8, 23:1
**obstructed** [1] - 22:9
**obstruction** [1] - 22:24
**obtain** [1] - 22:7
**obtained** [1] - 7:3
**occasions** [2] - 19:23, 25:17
**OF** [4] - 1:1, 1:4, 1:9, 1:11
**offense** [15] - 14:10, 17:13, 18:11, 19:4, 19:5, 19:10, 19:18, 19:22, 20:1, 24:2, 24:7, 24:15, 24:21, 27:11, 28:5
**offenses** [2] - 24:6, 24:13
**Office** [2] - 21:10, 25:14
**OFFICE** [1] - 1:15
**office** [8] - 11:3, 12:5, 12:6, 12:9, 13:3, 27:23, 28:1, 28:8
**officer** [1] - 10:9
**Official** [1] - 29:14

**official** [1] - 1:22
**old** [1] - 3:24
**one** [11] - 7:20, 10:10, 11:9, 12:5, 18:14, 19:11, 19:15, 19:23, 23:9, 23:11, 23:23
**operated** [2] - 21:16, 21:24
**opportunity** [2] - 27:25, 28:3
**opposed** [1] - 22:10
**options** [1] - 3:10
**order** [4] - 15:10, 16:16, 19:5, 19:25
**overall** [1] - 5:17

**P**

**page** [7] - 7:18, 7:19, 9:10, 18:14, 18:16, 19:3
**pages** [2] - 18:13, 20:20
**Pages** [1] - 1:7
**PALM** [1] - 1:2
**Palm** [13] - 1:4, 1:16, 1:19, 21:9, 21:12, 22:19, 22:20, 23:19, 24:1, 24:9, 24:14, 24:20, 25:14
**paragraph** [6] - 8:15, 12:19, 13:15, 14:24, 14:25, 16:2
**parole** [2] - 16:21, 16:23
**part** [6] - 9:6, 12:6, 13:20, 14:1, 14:11, 14:22
**parts** [1] - 18:11
**past** [1] - 5:3
**patches** [1] - 21:20
**PATRICIA** [2] - 1:22, 29:13
**Patricia** [1] - 29:4
**patrol** [1] - 22:5
**PBSO** [7] - 21:10, 21:19, 21:21, 22:4, 25:8, 25:12, 25:13
**PBSO-issued** [2] - 21:21, 25:8
**penalties** [6] - 3:12, 9:9, 9:10, 9:15, 10:21, 11:8
**penalty** [1] - 9:23
**people** [1] - 28:4
**percent** [3] - 20:18, 20:25, 26:11
**period** [2] - 10:7, 10:15

**perjury** [1] - 3:1
**permission** [1] - 3:7
**permitted** [1] - 15:12
**persist** [1] - 17:13
**pistol** [3] - 23:6, 23:16, 25:19
**placed** [2] - 10:10, 10:16
**Plaintiff** [1] - 1:5
**plea** [36] - 2:12, 2:21, 3:5, 3:6, 3:15, 4:23, 5:19, 6:13, 7:18, 8:7, 8:11, 8:15, 9:24, 10:25, 11:12, 11:15, 12:4, 12:17, 13:10, 14:1, 14:22, 14:23, 15:7, 16:3, 16:5, 16:16, 17:3, 17:13, 18:4, 26:20, 27:8, 27:9, 27:13, 27:14, 27:19
**PLEA** [1] - 1:9
**plead** [13] - 3:11, 3:13, 8:16, 8:20, 9:4, 9:12, 12:21, 16:18, 17:12, 18:9, 20:4, 26:23, 27:2
**pleading** [4] - 10:23, 11:6, 17:10, 18:4
**pointed** [1] - 21:21
**points** [5] - 11:21, 11:22, 11:23, 12:22, 12:24
**possess** [3] - 11:3, 21:25, 25:2
**possessed** [4] - 19:6, 19:12, 19:13, 23:21
**possession** [6] - 8:17, 18:10, 23:2, 24:24, 25:3, 26:24
**possibility** [2] - 7:3, 16:23
**possible** [4] - 3:12, 9:13, 10:22, 11:8
**post** [1] - 25:10
**post-Miranda** [1] - 25:10
**potentially** [1] - 2:25
**preparation** [1] - 28:9
**prepare** [1] - 12:5
**prepared** [1] - 27:22
**prepares** [1] - 28:1
**present** [1] - 19:1
**presentence** [2] - 27:21, 28:9
**presumed** [1] - 17:16
**pretty** [1] - 5:24
**previous** [1] - 19:19

**previously** [1] - 19:9
**prison** [2] - 10:12, 16:22
**Prisons** [2] - 17:2, 17:3
**probation** [11] - 10:9, 10:14, 10:16, 10:17, 12:4, 12:6, 12:9, 13:3, 27:23, 28:1, 28:8
**proceed** [2] - 5:14, 5:24
**proceeded** [1] - 21:6
**proceedings** [2] - 28:22, 29:7
**PROCEEDINGS** [1] - 2:1
**Professional** [1] - 29:4
**proffer** [1] - 26:5
**prominent** [1] - 21:20
**promise** [2] - 13:1, 15:21
**promises** [7] - 13:2, 13:6, 13:7, 16:3, 16:10, 17:2, 27:14
**property** [1] - 8:24
**proposed** [1] - 11:24
**proposing** [1] - 18:9
**protection** [2] - 13:19, 14:5
**prove** [7] - 6:22, 17:17, 19:5, 20:1, 20:6, 20:11, 20:15
**proven** [1] - 21:7
**provides** [1] - 14:4
**provision** [1] - 13:13
**provisions** [2] - 17:1, 17:6
**public** [1] - 11:3
**punishable** [4] - 3:1, 19:10, 19:14, 23:22
**purposes** [1] - 5:14
**pursuant** [1] - 15:18
**pursued** [1] - 22:17
**pursuing** [2] - 14:8, 14:11

**Q**

**questions** [6] - 3:8, 3:17, 5:13, 8:7, 18:18, 18:23
**quick** [1] - 15:3

**R**

**raise** [1] - 2:15
**range** [2] - 11:24, 15:13

**reached** [1] - 9:7
**read** [7] - 4:3, 8:4, 14:2, 15:3, 18:20, 20:21, 25:7
**ready** [1] - 5:14
**real** [1] - 15:3
**rear** [2] - 21:25, 22:1
**reasonable** [5] - 17:18, 20:2, 20:6, 20:12, 21:7
**receive** [1] - 11:13
**recently** [1] - 4:10
**recess** [1] - 28:20
**recognizing** [2] - 6:5, 14:17
**recommend** [2] - 12:24, 27:18
**recommendations** [2] - 13:10
**record** [1] - 2:18
**recorded** [2] - 21:22, 25:6
**RECORDING** [2] - 1:11, 2:1
**recording** [2] - 29:7, 29:10
**records** [2] - 21:18, 23:19
**recovered** [4] - 23:5, 23:13, 23:17, 23:18
**recovery** [1] - 25:25
**red** [3] - 21:25, 22:4, 22:25
**refer** [1] - 28:8
**referenced** [1] - 19:7
**referred** [1] - 19:20
**reflector** [1] - 21:25
**regarding** [1] - 28:2
**Registered** [1] - 29:4
**release** [7] - 9:22, 10:6, 10:11, 10:12, 10:14, 17:1, 17:4
**released** [2] - 15:19, 16:23
**remain** [2] - 10:2, 17:25
**repeatedly** [1] - 22:16
**rephrase** [1] - 3:17
**report** [6] - 10:9, 12:5, 12:6, 27:21, 28:1, 28:9
**reported** [1] - 23:15
**Reporter** [3] - 1:22, 29:4, 29:14
**represent** [1] - 16:5
**representation** [1] - 7:15
**representations** [1] - 17:5

**Republic** [1] - 25:23
**resident** [1] - 25:13
**resisted** [1] - 22:9
**resisting** [1] - 22:24
**respectively** [1] - 25:24
**responded** [1] - 21:11
**responses** [1] - 5:13
**responsibility** [3] - 12:20, 12:21, 12:25
**restitution** [1] - 15:10
**result** [5] - 9:24, 10:12, 10:17, 15:12, 25:3
**return** [1] - 9:3
**review** [1] - 6:17
**rights** [14] - 3:10, 3:11, 11:2, 13:21, 13:24, 14:15, 14:18, 14:22, 15:8, 15:20, 17:9, 17:10, 18:6, 25:8
**rise** [1] - 28:21
**risk** [1] - 11:7
**Rodney** [1] - 2:9
**RODNEY** [1] - 1:18
**round** [2] - 23:10, 23:11
**rounds** [3] - 23:12, 23:17, 25:19
**RPR** [2] - 1:22, 29:13
**run** [1] - 23:14
**running** [1] - 22:15
**RYON** [1] - 1:10

**S**

**S&B** [1] - 25:20
**safe** [1] - 22:23
**sale** [6] - 24:5, 24:12, 24:18, 24:25
**satisfied** [2] - 7:14, 27:17
**scene** [1] - 22:23
**school** [2] - 4:1, 4:2
**search** [1] - 22:23
**second** [7] - 11:6, 19:9, 24:6, 24:9, 24:11, 24:13, 24:19
**secondly** [1] - 26:2
**Section** [6] - 8:19, 15:5, 15:9, 15:19, 19:20, 27:1
**Sections** [1] - 26:4
**secured** [1] - 25:5
**see** [1] - 17:23
**seeks** [1] - 14:4
**Sellior** [1] - 25:20

**SELLIOR** [1] - 25:21
**semi** [1] - 23:6
**semi-automatic** [1] - 23:6
**sentence** [12] - 5:25, 10:22, 11:7, 11:9, 11:10, 11:12, 15:6, 15:9, 15:11, 15:18
**sentenced** [1] - 16:22
**sentencing** [8] - 14:24, 15:1, 15:14, 28:2, 28:3, 28:7, 28:10, 28:19
**Sentencing** [1] - 11:16
**September** [2] - 21:9, 23:21
**serial** [1] - 23:6
**serious** [1] - 19:22
**serve** [1] - 11:3
**served** [1] - 25:13
**set** [6] - 10:8, 15:17, 20:25, 26:16, 27:14, 28:10
**sets** [1] - 19:4
**seven** [3] - 18:13, 18:14, 18:16
**shall** [1] - 15:16
**Sheriff** [6] - 21:14, 21:23, 22:3, 22:10, 22:15
**sheriff** [1] - 21:20
**Sheriff's** [1] - 21:10
**shortly** [2] - 22:5, 22:6
**shouted** [1] - 22:16
**show** [1] - 19:5
**sign** [3] - 18:25, 20:24, 25:21
**signature** [4] - 7:21, 7:24, 18:15, 18:16
**signatures** [2] - 7:20, 18:14
**signed** [4] - 8:1, 8:4, 18:20, 20:21
**silence** [1] - 18:2
**silent** [1] - 18:1
**similar** [1] - 10:14
**simply** [1] - 11:12
**sit** [2] - 5:6, 11:9
**six** [1] - 20:20
**Soler** [3] - 21:10, 22:18, 25:6
**SOLER** [1] - 21:10
**sorry** [1] - 23:11
**South** [1] - 1:15
**Southern** [4] - 21:13, 22:20, 25:16, 29:5
**SOUTHERN** [1] - 1:1

special [1] - 9:18
specifically [2] - 8:24, 14:14
stamps [1] - 25:22
star [1] - 21:21
State [1] - 25:25
state [2] - 2:17, 19:21
statement [2] - 18:12, 20:20
statements [1] - 2:25
STATES [5] - 1:1, 1:4, 1:10, 1:14, 1:15
States [16] - 1:23, 2:3, 2:7, 8:24, 10:3, 13:17, 15:4, 15:7, 15:18, 19:22, 21:6, 25:16, 26:4, 27:1, 29:5, 29:14
Statute [3] - 22:2, 24:14, 24:19
statute [1] - 15:12
stipulated [2] - 18:12, 20:20
stolen [1] - 23:15
stop [6] - 21:15, 21:23, 22:3, 22:5, 22:6, 22:16
Street [1] - 1:18
subsequent [1] - 25:24
subsequently [1] - 21:17
sufficient [3] - 3:15, 20:10, 26:17
Suite [2] - 1:16, 1:19
summarize [1] - 20:14
supervised [5] - 9:22, 10:6, 10:11, 10:14
support [3] - 3:15, 20:10, 26:17
supported [1] - 27:10
suppress [1] - 7:4
swear [1] - 2:13
sworn [1] - 2:16

### T

talks [3] - 11:15, 12:19, 13:15
Taurus [2] - 23:5, 25:19
TAURUS [1] - 23:5
ten [2] - 14:24, 14:25
term [6] - 9:12, 9:21, 10:6, 19:10, 19:15, 23:23

terms [3] - 9:9, 10:11, 10:17
testify [3] - 18:1, 25:12, 25:18
testimony [1] - 21:8
THE [165] - 1:10, 1:14, 1:18, 2:2, 2:8, 2:11, 2:19, 2:20, 3:3, 3:4, 3:21, 3:22, 3:25, 4:1, 4:2, 4:3, 4:5, 4:6, 4:8, 4:9, 4:10, 4:12, 4:14, 4:15, 4:17, 4:18, 4:21, 4:22, 4:24, 4:25, 5:2, 5:3, 5:5, 5:6, 5:8, 5:9, 5:11, 5:12, 6:4, 6:5, 6:8, 6:9, 6:12, 6:19, 6:20, 6:23, 6:24, 7:1, 7:2, 7:5, 7:6, 7:9, 7:10, 7:13, 7:14, 7:16, 7:17, 7:25, 8:1, 8:3, 8:4, 8:5, 8:6, 8:9, 8:10, 8:12, 8:13, 8:22, 8:23, 9:2, 9:3, 9:8, 9:9, 9:16, 9:17, 9:20, 9:21, 9:25, 10:1, 10:5, 10:6, 10:13, 10:14, 10:19, 10:20, 11:5, 11:6, 11:14, 11:15, 11:19, 11:20, 12:3, 12:4, 12:13, 12:14, 12:18, 12:19, 13:8, 13:9, 13:12, 13:13, 13:14, 13:15, 13:25, 14:1, 14:16, 14:17, 14:19, 14:20, 15:2, 15:3, 15:23, 15:24, 16:2, 16:8, 16:9, 16:13, 16:15, 16:17, 16:18, 16:20, 16:21, 16:24, 16:25, 17:7, 17:8, 17:14, 17:15, 17:19, 17:20, 17:24, 17:25, 18:3, 18:4, 18:8, 18:9, 18:17, 18:18, 18:21, 18:22, 18:24, 18:25, 19:2, 19:3, 20:3, 20:4, 20:8, 20:9, 20:23, 20:24, 21:2, 21:3, 26:7, 26:9, 26:10, 26:12, 26:13, 26:16, 26:22, 26:23, 27:3, 27:4, 28:12, 28:16, 28:18
therefore [1] - 27:18
third [2] - 19:12, 19:13
threatened [1] - 16:15
threats [1] - 27:15
three [1] - 19:19

Title [4] - 8:19, 15:4, 26:3, 27:1
title [1] - 19:21
titled [1] - 7:18
TLM85759 [1] - 23:6
today [13] - 2:20, 3:7, 3:9, 4:20, 5:6, 5:15, 5:20, 6:2, 6:14, 8:21, 11:9, 26:21, 27:13
topic [2] - 6:2, 13:24
total [1] - 23:17
traffic [3] - 21:15, 21:23, 22:3
transcribed [1] - 29:6
TRANSCRIBED [2] - 1:21, 2:1
TRANSCRIPT [1] - 1:11
transcript [2] - 29:9
traveled [1] - 26:1
treated [4] - 4:6, 4:14, 4:15, 5:1
trial [8] - 6:22, 17:16, 18:2, 18:5, 20:13, 20:15, 21:6
tried [1] - 14:6
true [1] - 26:11
truth [1] - 2:23
truthful [1] - 13:3
twenty [1] - 23:17
Twenty [1] - 3:25
Twenty-nine [1] - 3:25
twenty-two [1] - 23:17
two [3] - 10:20, 23:17, 24:25
two-way [1] - 24:25

### U

U.S [2] - 8:19, 10:1
U.S.C [1] - 15:17
under [7] - 3:6, 5:17, 13:18, 19:17, 23:23, 24:6, 26:3
undertakings [1] - 15:7
unhappy [1] - 11:12
uniform [1] - 21:19
unincorporated [1] - 21:12
unit [1] - 21:13
united [1] - 1:23
UNITED [5] - 1:1, 1:4, 1:10, 1:14, 1:15
United [15] - 2:3, 2:7, 8:24, 10:3, 13:17, 15:4, 15:7, 15:18,

19:21, 21:6, 25:16, 26:4, 27:1, 29:5, 29:14
unlawful [2] - 24:25, 25:2
unless [3] - 13:1, 13:6, 15:11
unsuccessfully [1] - 22:13
up [10] - 3:1, 3:11, 7:21, 9:13, 9:17, 9:22, 18:5, 18:11, 18:15, 20:5
upward [1] - 15:12
utilizing [1] - 22:4

### V

valuable [1] - 11:2
variance [1] - 15:13
Vehicle [1] - 21:18
vehicle [1] - 22:5
versus [1] - 2:4
vicinity [1] - 22:19
victims [1] - 28:5
video [1] - 21:22
violate [1] - 10:11
violated [1] - 10:17
violation [6] - 8:19, 22:1, 22:9, 24:13, 24:19, 27:1
violence [1] - 22:24
violent [1] - 19:22
visible [1] - 22:1
voluntarily [1] - 27:12
voluntary [3] - 6:14, 14:21, 27:10
vote [1] - 11:2
vs [1] - 1:5

### W

waive [4] - 13:21, 14:12, 14:18, 14:21
waiver [5] - 14:24, 15:1, 15:20, 15:25
waives [1] - 15:8
waiving [4] - 13:24, 14:15, 17:11, 20:5
warnings [1] - 25:8
wearing [2] - 21:21, 23:2
WEST [1] - 1:2
West [5] - 1:4, 1:16, 1:19, 22:19, 25:14
whereas [1] - 5:21
Winchester [1] - 25:22
wish [1] - 28:18

withdraw [1] - 12:17
witnesses [3] - 7:7, 17:22, 28:5
word [1] - 21:20
works [2] - 12:12, 12:23
worn [3] - 21:21, 23:4, 25:6
worth [1] - 20:20
write [1] - 4:3
written [2] - 6:16, 27:21

### Y

year [4] - 10:23, 19:11, 19:15, 23:23
years [3] - 3:1, 9:13, 9:22